IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HAKEEM MATEEN NAJEE RASHEED | § § § | |
| Petitioner, | § § | |
| VS. | § | NO. 3-08-CV-0246-G |
| DAVID BERKEBILE, Warden, FCI-Seagoville | § § § § | |
| Respondent. | § § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Hakeem Mateen Najee Rasheed, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be dismissed for want of prosecution.

I.

On February 12, 2008, petitioner filed an application for writ of habeas corpus challenging his continued confinement in federal custody for a parole violation. However, petitioner did not pay the statutory filing fee or seek leave to proceed *in forma pauperis*. On February 14, 2008, a notice of deficiency was sent to petitioner at the Federal Correctional Institution in Seagoville, Texas--the address listed in his habeas petition. Petitioner was ordered to either pay the filing fee or file an application to proceed *in forma pauperis* within 20 days, or the case would be dismissed. *See* Order, 2/14/08. No action was taken in response to that order. A second deficiency notice was sent to petitioner on March 18, 2008. Once again, petitioner was ordered to either pay the filing fee or file a motion to proceed *in forma pauperis* within 20 days. If he failed to do so, the court warned that

the case would be dismissed for want of prosecution. *See* Order, 3/18/08. Ten days later, on March 28, 2008, the unopened envelope containing the deficiency notice was returned to the clerk with the notation, "Return to Sender/Refused/Unable to Forward." The court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

II.

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

A deficiency notice was mailed to petitioner at FCI-Seagoville -- the only address provided to the court. However, petitioner is no longer incarcerated in that facility and has not furnished the court with his current address.[1] Without this information, the court cannot communicate with petitioner and this litigation cannot proceed. Dismissal is clearly warranted under these circumstances. *See Blackmon v. Texas Board of Pardons and Paroles*, No. 3-04-CV-1520-N, 2004 WL 1809746 at *1 (N.D. Tex. Aug. 12, 2004) (Kaplan, J.), *rec. adopted*, 2004 WL 2049218 (N.D.

---

[1] The court has learned through independent investigation that petitioner was released from BOP custody on March 7, 2008.

Tex. Sept. 3, 2004) (dismissing *pro se* prisoner complaint for failure to provide court with current address).

### **RECOMMENDATION**

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 7, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE